IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Samuel Arefayne,

Petitioner,

vs.

Pamela Bondi, Attorney General et al.,

Respondents.

Case No. 0:26-cv-01492-DMT-JFD

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

[¶ 1]   THIS MATTER comes before the Court on a Petition for Writ of Habeas Corpus filed on February 17, 2026. Doc. No. 1. The Respondents filed a Response on February 23, 2026. Doc. No. 5. Petitioner filed a Reply on February 25, 2026. Doc. No. 6.

[¶ 2]   In December 2024, Petitioner—a citizen of Eritrea—was detained at the border and eventually ordered removed on July 11, 2025. Doc. No. 1-1. Petitioner was granted withholding of removal under INA § 241(b)(3). Id. On November 12, 2025, Petitioner received a "Decision to Continue Detention" stating that he would not be released because he had not shown that he would not be a flight risk or a risk to public safety. Doc. No. 1-4. In January 2026, Petitioner was scheduled to be removed to a third country; however, Petitioner was unaware of this due to lack of translation services. Doc. No. 1. Petitioner thought he was being removed back to Eritrea, and in his fear, he jumped from the flight ramp. Id. He now argues his detention has been unreasonably long and violates his due process rights. For the reasons set forth below, the Petition is **DENIED** and **DISMISSED without prejudice**.

## DISCUSSION

### I.   Legal Standard: Habeas Corpus

[¶ 3]   The Constitution provides the right to a Writ of Habeas Corpus, which requires authorities to present a detained person before the court to determine if the detainment is lawful. See U.S. Const. Art. I, § 9. "Habeas is at its core a remedy for unlawful executive detention." Munaf v. Green, 553 U.S. 674, 693 (2008). As a general matter, 28 U.S.C. § 2241 grants district courts broad jurisdiction to issue a writ of habeas corpus "as law and justice require." Jones v. Hendrix, 599 U.S. 465, 473 (2023). A prisoner can bring a petition for a writ of habeas corpus when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has held that § 2241(c)(3) confers jurisdiction on district courts to hear habeas corpus challenges to the legality of the detention of aliens. Rasul v. Bush, 542 U.S. 466 (2004).

[¶ 4]   To benefit from the writ's protection, a habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful. Maldonado v. Olson, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025) (collecting cases). Since the Petitioner is currently being held in Minnesota, this Court has jurisdiction over this matter. See Trump v. J.G.G., 604 U.S. 670, 672 (2025) (per curiam) (holding that jurisdiction for core habeas petitions "lies in only . . . the district of confinement").

### II.   Prolonged Detainment under § 1231

[¶ 5]   Generally, after an order of removal the government has 90 days to remove the alien from the United States, starting from either the date the order is administratively final, the date of a judicial review of the order, or after other confinement is complete. 8 U.S.C. § 1231(a)(1)(A)–(B).

After 90 days, detainees are released on supervision unless they are determined "to be a risk to the community or unlikely to comply with the order of removal." Id. § 1231(a)(3), (6).

[¶ 6]   In the present case, Petitioner was determined to be a flight or community risk back in November. Doc. No. 1-4. The Court concurs with this determination. Petitioner was apprehended near the border entering the country illegally, he faces imminent deportation for those actions, he has no ties to this country, and he has little reason to comply with court orders. Therefore, continued detainment pending removal is appropriate.

[¶ 7]   Removal cannot be to the detainee's native country if their life or freedom would be threatened. Id. § 1231(b)(3). Removal to an alternative country is acceptable in this circumstance. See id. § 1231(b)(1)(C); Wanjiru v. Holder, 705 F.3d 258, 267 (7th Cir. 2013) (noting government's authority to deport to a willing third country after deferral of removal due to safety concerns in native country).

[¶ 8]   In Zadvydas v. Davis, the Supreme Court stated that a six-month detention is presumptively reasonable, but after that time detention may become unreasonable. 533 U.S. 678, 701 (2001). However, this presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Other courts have previously recognized several situations that meet this criteria: no country will accept the detainee, origin or other foreign country refuses travel documents or delays to the point of a presumption they will never be issued, or political conditions of the country of origin. Ahmed v. Brott, Civ. No. 14-5000 (DSD/BRT), 2015 WL 1542131, at *4 (D. Minn. Mar. 17, 2015). "In other words . . . there must be some indication that the government is either unwilling or, due to seemingly insurmountable barriers, incapable of executing an alien's removal." Id.

[¶ 9] These barriers do not exist in the present case. Petitioner was granted protection from being removed to Eritrea, the government did not try to remove him to Eritrea but instead was removing him to a third country. Doc. No. 5-1. While this situation could have been avoided with proper translation, the remedy for its lack is not release. Nothing in the statute or caselaw states that a Petitioner's misunderstanding is cause for delaying removal. Petitioner would have been removed, but for his own actions. The Court is satisfied with the evidence on the record that as soon as this Petition is dismissed, those removal proceedings will resume. See Doc. No. 5-1. The government is capable and willing to remove Petitioner; therefore, there is a significant likelihood of removal in the foreseeable future. Petitioner has not met his burden of proof and his rights have not been violated.

## CONCLUSION

[¶ 10] Accordingly, for the reasons set forth above, the Petitioner's Habeas Petition is **DENIED**. This action is **DISMISSED without prejudice**.

[¶ 11] **IT IS SO ORDERED**.

DATED March 2, 2026.

Daniel M. Traynor, District Judge
United States District Court